**HASBROUCK, Plaintiff, v. GOODYEAR TIRE & RUBBER COMPANY, Defendant.**

Common Pleas Court, Summit County.

No. 165320. Filed June 5, 1951.

Maurice H. Shapiro, Hugh P. Brennan, Cleveland, for plaintiff.

Walter E. deBruin, Akron, for defendant.

## OPINION

By WATTERS, J.

The plaintiff, widow of Raymond Hasbrouck, deceased, brings this appeal from the finding of the Industrial Commission disallowing her claim, against the defendant, The Goodyear Tire & Rubber Company, a self insurer.

The plaintiff claims that her husband, on or about the 24th of August, 1942, while employed as a rubber cement mixer, was unexpectedly overcome by gas or fumes being liberated from a mixing vat containing a solvent consisting of alcohol and benzol, which disabled him in excess of seven days.

Plaintiff further claims that thereafter, in the early part of 1943, her husband was again subjected to extreme heat and fumes of a rayon cement mixer, which again was an unusual occurrence causing him to become wobbly, etc.

Plaintiff's husband died May 7, 1943, of lobar pneumonia which plaintiff claims was proximately caused by the above

occurrences. Plaintiff does not claim any aggravation of any preexisting condition.

The Industrial Commission ruled: "That the claim be disallowed for the reason that proof of record does not establish that decedent's death was the result of an injury received in the course of and arising out of the employment."

All the necessary steps have been taken to give this court jurisdiction under the law.

The matter was tried to the court without the intervention of a jury.

The plaintiff, over the objection of defense counsel, which objection the referee and this court sustained (page 11 of the record) proffered this answer to a question as to what her husband had told her on or about August 24, 1942, when he picked her up in his car after work. (Answer) "Well he just said he was overcome by these fumes and there was two of the fellows had to take him over to the fire escape door so he could get his breath."

That narration if it occurred would seem to fit more into the events later related by other workmen as to the claimed happening of early 1943 rather than the August 24, 1942, alleged occurrence.

This court ruled it out as a self serving declaration and hearsay and not part of the res gestae. The statements of the deceased, Mr. Hasbrouck, to his wife and others were mere self serving narrations of past events.

See 143 Oh St, 421, Schmidt v. Casting Company, at page 423 and 424. The plaintiff had sought to show a statement by the deceased to a watchman, that he fell, as part of the res gestae. The court held on page 424: "To come within the rule (res gestae) such a statement must be shown to constitute more than a mere self serving narrative of a past event."

The court also held that the statement must be shown to have been spontaneous and impulsive.

However, even if it should be considered as part of the res gestae under the authority of some Supreme Court opinions, in this court's opinion it does not prove in any way that the deceased employe suffered an accidental injury under the law.

The same applies to statements made by the deceased to other employes as to this occurrence and the later one claimed to have happened in early 1943. The court has ruled those statements out as not part of the res gestae. (See 143 Oh St 421 discussed above.) However, even if admitted and considered, they do not prove at all an accidental injury under the law. Also the testimony given by the various fellow employe witnesses as to their observations of the deceased, his actions, etc., do not disclose any evidence of an accidental injury under the law.

## THE LAW APPLICABLE

In 98 Oh St, 34, Industrial Commission v. Roth (1918)

Syllabus (1) "A disease contracted in the natural and ordinary course of employment by a person engaged in a particular calling or occupation, which disease from common experience is known to be a usual and customary incident to such calling or occupation, is an 'occupational disease' and not within the contemplation of the Workmens Compensation Act."

This case was decided of course before §1465-68a GC, etc., were made a part of the Act covering occupational diseases.

Personally I believe the courts often lose sight of the distinction between occupational diseases and the accidental injury part of the Act.

Attention is now called to Syllabus (2) of said Roth case as follows:

"The accidental and unforeseen inhaling by an employe in the course of his employment of a specific volatile poison or gas, resulting in injury or death, is not an 'occupational disease.'"

Roth was painting in extremely cold weather. The paint would not spread, so he was ordered to do something unusual and out of the ordinary. He was ordered to heat the paint from time to time to keep it flowing freely so it would spread. In so doing this unusual thing he was overcome by the paint fumes. This the court held was an accidental injury.

Under the present statute, it would no doubt be considered an occupational disease, but then the statute as stated did not cover occupational diseases, so the court probably stretched a point and held it to be accidental injury because he was doing the unusual thing, to-wit, heating the paint. The court held that it was caused wholly by accident and misadventure and not something that a painter would be subjected to in the usual working of his trade. The court stresses too that the employe Roth was not a painter. In other words, his usual employment for the employer was not as a painter. (See discussion on page 40).

126 Oh St, 251, Industrial Commission v. Palmer:

Syllabus (1) "Where it is disclosed by the evidence that a workman in the course of his employment was subjected to unusual emissions of carbon monoxide gas upon two specific occasions, and that his disability and death resulted therefrom, an award of compensation under the Workmens Compensation Act will be sustained." (Emphasis by the court.)

On page 254 the court said in substance that it was the contention of the Industrial Commission that the decedent continuously inhaled carbon monoxide gas over a long period,

and that this gradual absorption caused his death, but that that did not constitute an injury.

There the court stressed the unusual emissions of gas on several specific occasions, which made it an accidental injury.

The court also mentioned on page 253 that it was conceded that an injury must be shown because the then occupational disease part of the Workmens Compensation Act did not then include "carbon monoxide" poisoning.

I might mention here also that then and now there was and is no appeal to the courts from a disallowance of an occupational disease claim.

See also 126 Oh St, 645, Industrial Commission v. Helriggle (1933):

"Death from carbon monoxide poisoning compensable—sudden and unusual hazard produced in the coal mine."

The court said in the short affirming opinion that the company produced a sudden and unusual hazard in the mine to which the employe was subjected in a peculiar degree. (Emphasis by the court.)

From Nelson v. Industrial Commission, 150 Oh St 1 at page 8:

"Section 35 Article II of the Constitution of Ohio differentiates between injuries and occupational diseases. The word "accident" or "accidental" is not used in connection with the word "injury," in the constitutional provision, and yet, since injury and occupational disease are separated, the tenor of all the decisions of this court is that an injury to be compensable under the Constitution and statutes must be one that arises from accident."

The court then said on page 8:

"In the present case there was not a scintilla of evidence that the decedent had done or was doing a single thing on the job which he was performing which was in any way unusual or different from what he had always done in his work, or from what the three men who were working with him had done in their work."

From page 10 of the Nelson case, citing 140 Oh St 292, the Malone case, the term injury (as used in the Constitution as amended in 1937) and §1465-68 GC, comprehends a physical or traumatic damage or harm, accidental in its character in the sense of being the result of a sudden mishap, occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.

Judge Hart, in the Malone case, 140 Oh St, 292, cited in 150 Oh St page 1:

"This court is still committed to the proposition that a compensable injury under the Workmens Compensation Act must be accidental and traumatic in character. This is necessary to differentiate compensable injury from disease which

is not compensable unless caused by an (accidental) injury, and except occupational diseases, for which special provision has now been made under the law. (Sec. 1465-68a GC.)" (Emphasis by the court.'

The facts briefly in the Malone case—there was heat prostration suddenly suffered due to extreme artificial heat in the factory plus extreme heat out doors. The court apparently considered the factory heat sudden, extreme and unusual, which came within Judge Hart's definition of an accidental injury.

From 150 Oh St at page 12, citing from 148 Oh St 693. Sebek v. Cleveland, etc. Bronze Company:

"An injury occurs in the course of and arises out of the employment within the contemplation of the Ohio Workmens Compensation Act, if the injury followed as a natural incident of the work and as a result of exposure occasioned by the nature, conditions or surroundings of the employment."

Page 696 (150 Oh St, 1, at page 12):

"Bodily harm which occurs to a workman by the sudden, **unexpected and unforeseen** inhalation of noxious or poisonous gases or fumes, constitutes compensable injury under the Workmen's Compensation Act." (Emphasis by the court.

**(150 Oh St, 1 at page 13):**

"There still must be evidence and plaintiff must prove that the injury was proximately caused by some act which was different in kind (or an exertion) from the regular, ordinary work, performed by the workman and those engaged in like occupation."

See also Maynard v. B. F. Goodrich Company, 144 Oh St, 22, wherein the court approves the Malone case (supra). In the Maynard case the workman's claim was allowed. There he received a **sudden strain** while working upon moving an **unusually large** roll of material.

Still more recent is the Supreme Court's pronouncement in Gerich v. Republic Steel Corporation, 153 Oh St, 463.

Syllabus (1) "Under the Ohio Workmen's Compensation Act, to entitle a workman to compensation for injury, he must suffer a **traumatic injury in the course of and arising out of his employment other than an injury which may occur in the regular course of nature from the usual and normal activities of his employment**."

(2) "It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain the burden as to such issue."

(3) "**Evidence which shows simply that an injury either**

may have been the result of an accident in the course of and arising out of employment or may have been suffered in the course of employment in the regular course of nature in the usual and normal activities of the employment is not evidence to support a workmen's compensation claim." (Emphasis by the court.)

On page 468 of the Gerich opinion, paragraph 3, Judge Hart says:

"There was no evidence that any accidental or unusual incident occurred, or that at the time Gerich collapsed he was putting forth any unusual exertion different in kind from that usually exerted by him."

The Supreme Court reversed both lower courts and found for the defendant company.

The record may show that the court overruled the defendant's motion to direct at the close of plaintiff's case and at the close of all the evidence, and took the case under advisement.

The court finds that upon consideration of all the evidence before the court, and even considering that of plaintiff not admitted but proffered by the plaintiff, the plaintiff has failed to prove that the deceased suffered an accidental injury.

Considering all the evidence most favorably to the plaintiff's case, if decedent was injured at all by any such fumes, it would constitute an occupational disease claim and not one for accidental injury.

The record most favorable to plaintiff showed no sudden, unforeseen, unexpected, unusual happening at all. Whatever did occur, if any injury occurred to plaintiff's decedent, it was such as would occur in the regular course of nature from the usual and normal activities of his employment. In the court's opinion it was to cover such occurrences that the occupational disease part of the statute was enacted.

The court also doubts that the plaintiff has proved by a preponderance of the evidence that there was a proximate causal relationship between what happened and the decedent's death due to lobar pneumonia. (See McNees v. Cincinnati Street Railway Company, 152 Oh St, 269.)

In the opinion of the court the defendant did not have the right to call Dr. Lash, the deceased workman's personal doctor. The relationship was privileged by virtue of §11494 GC, and there was no waiver of that privilege.

See 133 Oh St, 1, Harpman v. Devine, etc; 135 Oh St, 491, Baker v. Industrial Commission; 89 Oh St, 381, Ausdenmoore, et al, Executors, v. Holzback.

Accordingly the court cannot consider Dr. Lash's testimony for any purpose.